Notice to Participants in the
Current Development Corporation
Benefit Plans

Dear Participant:

As a part of the case entitled: *Chao v. Current Development Corp., et al.,* No. 03 cv 01792, on January 5, 2006, Judge Sidney I. Schenkier of the United States District Court for the Northern District of Illinois, upon the recommendation of the Secretary of Labor of the United States appointed Consulting Fiduciaries, Inc. ("CFI") as Independent Fiduciary of the constructive trust imposed by Judge Schenkier's December 20, 2005 Order for the purpose of selling certain Property in Westmont, Illinois and distributing the proceeds of the sale to former participants in the Current Development Corporation ("CDC") Profit Sharing Plan and CDC Money Purchase Plan ( the "Plans") in accordance with the terms of the Plans' documents. CFI was to carry out its fiduciary duties in accordance with the requirements of ERISA and in the best interests of the plans' participants. Judge Schenkier removed George P. Klein, Jr., a defendant in the proceedings brought by the Secretary of Labor, as Trustee of the Plans. The Judge took that action because he concluded that Mr. Klein breached his fiduciary duty to trust participants by, among other things, distributing proceeds of the trust upon its dissolution based on a $1.7 million valuation of the Property without telling participants that he had an offer to sell the Property for $2,307,000. CFI ultimately sold the Property for a gross price of approximately $2,572,000.

Judge Schenkier also charged CFI with the responsibility to recommend to him, among other things, the percentage shares in the Plans upon which the distribution to the participants should be based, what additional monies, if any, should be restored by CDC to the Plans on the ground that they were improperly withdrawn from the Plans, and a recommendation as to who should bear certain costs incurred –Mr. Klein, CDC or all participants. Judge Schenkier made clear that CFI was authorized to investigate whether other funds had been improperly withdrawn from the Plans, and thus whether the distribution of the sale proceeds of the Property should be adjusted to correct for any earlier improper withdrawals. CFI was also asked to investigate the tax consequences to a participant of any restorative payments and make recommendations to the Court.

In order to carry out the duties imposed by the Court's orders, CFI retained various professionals including: Crowe Chizek - an accounting and advisory firm nationally recognized for providing professional services for qualified retirement plans; real estate counsel; a real estate broker, the law firm of Pedersen & Houpt, which has extensive legal experience with qualified plans, and First American Bank to act as Custodian of the funds for distribution purposes. Based upon the limited available plan records, this was a difficult and time consuming effort, especially in regard to the amounts allocated to each participant's Profit Sharing and Money Purchase Plan Accounts. The Court approved fees for CFI as well as those of Crowe Chizek, Pedersen & Houpt and First American Bank to be paid from funds held back from Mr. Klein or from CDC directly, but not from funds distributable to participants.

The three components of the corrections identified by CFI and its advisors were (1) the difference between price originally paid for the Property and the price received by CFI, (2)

expenses which were inappropriately charged to the Plans and which are to be restored and (3) and interest rate payable to the plan during the period of time which has transpired. Specifically, Judge Schenkier has ordered CDC and Mr. Klein to restore $169,061.29 in expenses which should not have been charged to the Plans. He has also ordered them to pay prejudgment interest at a rate of 6.67%. He has approved a distribution methodology which gives former participants the benefit in the increase in value of the Property. He has also ordered that the distributions of each Participant's interest in the Plans be considered as distributions from a qualified plan which entitles you to defer any taxes on the distributions by utilizing either a direct rollover into another qualified plan or individual retirement account.

As a result of the work done by CFI and its advisors, the Court has determined that the dollar amount listed on the enclosed Participant Sheet be restored to you. The funds are being held by First American Bank in a mutual fund comprised of government obligations. In addition to the Participant Sheet, you are receiving several other enclosures with this letter. They include:

*First American's Plan Distribution Package which includes important information on the receipt of your distribution.

*A Special Tax Notice Regarding Plan Payments which includes information which the IRS requires be given to all participants receiving benefit distributions.

*Participant Distribution Election Form which you must review and file with First American in order to process and receive your payment.

*IRS Form W-4P which you may file in order to provide input to First American regarding tax withholding.

*Return envelope to First American Bank.

If you have any questions regarding the distributions to be made or the enclosed forms which must be filled out and returned you may call any of the following individuals at First American: Susan Berchiolli (847)-403-8060, Karie O'Connor (847) 403-8055 or John Ellis (847) 403-8054.

We are pleased that this matter is finally resolved and that you are able to receive the additional proceeds as approved by the Court.

Sincerely,

Consulting Fiduciaries, Inc.

_____
By: Sy Zilberstein

March ___, 2008

Notice to Participants in the
Current Development Corporation
Benefit Plans

Dear Participant:

As a part of the case entitled: *Chao v. Current Development Corp., et al.,* No. 03 cv 01792, on January 5, 2006, Judge Sidney I. Schenkier of the United States District Court for the Northern District of Illinois, upon the recommendation of the Secretary of Labor of the United States appointed Consulting Fiduciaries, Inc. ("CFI") as Independent Fiduciary of the constructive trust imposed by Judge Schenkier's December 20, 2005 Order for the purpose of selling certain Property in Westmont, Illinois and distributing the proceeds of the sale to former participants in the Current Development Corporation ("CDC") Profit Sharing Plan and CDC Money Purchase Plan ( the "Plans") in accordance with the terms of the Plans' documents. CFI was to carry out its fiduciary duties in accordance with the requirements of ERISA and in the best interests of the plans' participants. Judge Schenkier removed George P. Klein, Jr., a defendant in the proceedings brought by the Secretary of Labor, as Trustee of the Plans. The Judge took that action because he concluded that Mr. Klein breached his fiduciary duty to trust participants by, among other things, distributing proceeds of the trust upon its dissolution based on a $1.7 million valuation of the Property without telling participants that he had an offer to sell the Property for $2,307,000. CFI ultimately sold the Property for a gross price of approximately $2,572,000.

Judge Schenkier also charged CFI with the responsibility to recommend to him, among other things, the percentage shares in the Plans upon which the distribution to the participants should be based, what additional monies, if any, should be restored by CDC to the Plans on the ground that they were improperly withdrawn from the Plans, and a recommendation as to who should bear certain costs incurred –Mr. Klein, CDC or all participants. Judge Schenkier made clear that CFI was authorized to investigate whether other funds had been improperly withdrawn from the Plans, and thus whether the distribution of the sale proceeds of the Property should be adjusted to correct for any earlier improper withdrawals. CFI was also asked to investigate the tax consequences to a participant of any restorative payments and make recommendations to the Court.

In order to carry out the duties imposed by the Court's orders, CFI retained various professionals including: Crowe Chizek - an accounting and advisory firm nationally recognized for providing professional services for qualified retirement plans; real estate counsel; a real estate broker, the law firm of Pedersen & Houpt, which has extensive legal experience with qualified plans, and First American Bank to act as Custodian of the funds for distribution purposes. Based upon the limited available plan records, this was a difficult and time consuming effort, especially in regard to the amounts allocated to each participant's Profit Sharing and Money Purchase Plan Accounts. The Court approved fees for CFI as well as those of Crowe Chizek, Pedersen & Houpt and First American Bank to be paid from funds held back from Mr. Klein or from CDC directly, but not from funds distributable to participants.

The three components of the corrections identified by CFI and its advisors were (1) the difference between price originally paid for the Property and the price received by CFI, (2)

expenses which were inappropriately charged to the Plans and which are to be restored and (3) and interest rate payable to the plan during the period of time which has transpired. Specifically, Judge Schenkier has ordered CDC and Mr. Klein to restore $169,061.29 in expenses which should not have been charged to the Plans. He has also ordered them to pay prejudgment interest at a rate of 6.67%. He has approved a distribution methodology which gives former participants the benefit in the increase in value of the Property. He has also ordered that the distributions of each Participant's interest in the Plans be considered as distributions from a qualified plan which entitles you to defer any taxes on the distributions by utilizing either a direct rollover into another qualified plan or individual retirement account.

As a result of the work done by CFI and its advisors, the Court has determined that the dollar amount listed on the enclosed Participant Sheet be restored to you. The funds are being held by First American Bank in a mutual fund comprised of government obligations. In addition to the Participant Sheet, you are receiving several other enclosures with this letter. They include:

*First American's Plan Distribution Package which includes important information on the receipt of your distribution.

*A Special Tax Notice Regarding Plan Payments which includes information which the IRS requires be given to all participants receiving benefit distributions.

*Participant Distribution Election Form which you must review and file with First American in order to process and receive your payment.

*IRS Form W-4P which you may file in order to provide input to First American regarding tax withholding.

*Return envelope to First American Bank.

If you have any questions regarding the distributions to be made or the enclosed forms which must be filled out and returned you may call any of the following individuals at First American: Susan Berchiolli (847)-403-8060, Karie O'Connor (847) 403-8055 or John Ellis (847) 403-8054.

We are pleased that this matter is finally resolved and that you are able to receive the additional proceeds as approved by the Court.

Sincerely,

Consulting Fiduciaries, Inc.

_____
By: Sy Zilberstein

March __, 2008