# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ELAINE L. CHAO, Secretary of Labor, )
United States Department of Labor, )
 )
                Plaintiff, ) No. 03 C 1792
 ) Magistrate Judge Schenkier
   v. )
 )
CURRENT DEVELOPMENT CORPORATION, )
*et al.*, )
 )
                Defendants. )

## MEMORANDUM OPINION AND ORDER

In November 2003, this Court entered a consent order and judgment resolving an action filed by the Secretary of Labor (then Elaine L. Chao) against Current Development Corporation ("CDC") and George P. Klein, Jr., individually and as trustee of various ERISA plans. The consent order and judgment was negotiated among the parties, and was signed by Mr. Klein both personally, as trustee of various plans, and as president of CDC. The consent order and judgment required that Mr. Klein and CDC initiate termination of the ERISA plans and to make distributions to the participants (Consent Order and Judgment ¶ 4). The consent order and judgment "permanently enjoined and restrained [defendants] from violating ERISA Sections 404(a)(1)(A), 405(a), 406(a)(1)(D) and 406(b)(1)" (Consent Order and Judgment ¶ 1). And, under the consent order and judgment, the parties agreed that the Court would retain jurisdiction to enforce compliance with that provision as well as the other terms of the consent order and judgment (*Id.*, ¶ 6).

Unfortunately, it became necessary for the Court to exercise that retained jurisdiction. In November 2005, the Secretary asked to the Court to remove Mr. Klein as the plans' trustee, and to

appoint an independent fiduciary to ensure that the assets of the plans were appropriately distributed to the participants in the plans (doc. # 20). On December 20, 2005, the Court granted that request: the Court removed Mr. Klein as trustee, and placed under a constructive trust certain property located in Westmont, Illinois ("the Property") (doc. # 28). The Court did so on proof that Mr. Klein had breached his fiduciary duty to the participants by, among other things, distributing proceeds of the plans upon a dissolution that valued the Property at $1.7 million without telling the participants he had received an offer of $2,307,000 for the Property. Shortly thereafter, on January 5, 2006, the Court appointed Consulting Fiduciaries, Inc. ("CFI") to act as independent fiduciary for the purpose of insuring that the participants received all to which they were entitled from the dissolution of the Plans (doc. # 36).

These events led to an odyssey that lasted for more than three and one half years, resulting in seven Memorandum Opinions and Orders by this Court,[1] as well as countless rulings orally from the bench and in writing by minute order, and one opinion from the Seventh Circuit. *Solis v. Consulting Fiduciaries, Inc.*, 557 F.3d 772 (7th Cir. 2009). That odyssey ended on July 23, 2009, when the proceedings were terminated after a proper distribution has been made to the plan participants and CFI's final petition for fees and costs was resolved (doc. # 308). At no time during this more than three and one half year period did Mr. Klein and CDC (collectively, "the defendants") argue that the consent order and judgment should be vacated or that any portion of it was unenforceable.

Now, more than four months after the case has been closed, defendants for the first time make that argument: pursuant to Federal Rule of Civil Procedure 60(b)(5), defendants move to

---

[1]*See* Doc. ## 86, 123, 129, 154, 220, 248 and 279.

2

vacate the consent decree (doc. # 309). In their motion, defendants argue that "[a]ll of the obligations required under the Consent Order and Judgment have been satisfied and discharged[,]" and the existence of the consent order "adversely affects Defendants' credit rating" (Motion ¶¶ 11-12). Accordingly, defendants argue that the consent order and judgment should be vacated on the ground that the circumstances have changed significantly since it was entered in November 2003.

The Secretary opposes the motion pointing out that while the payment and plan termination provisions of the consent order and judgment have been satisfied, there remains a provision that has not been satisfied and that should remain in effect: the provision that permanently enjoins and restrains defendants from violating specified sections of ERISA (Pl.'s Resp. ¶ 2). The Secretary argues that defendants' motion fails to provide any evidence to support the proposition that the existence of the consent order and judgment adversely affects defendants' credit rating and, even if there was such proof, there is no evidence that "the judgment's potential impact on their credit worthiness represents anything new" (*Id.*, ¶ 3). The Secretary further argues that defendants' conduct after entry of the consent order and judgment shows that this injunction should remain in effect, because "future violations by these defendants have always been, and will always remain, more than just a theoretical possibility" (*Id.*, ¶ 2).

In reply, defendants offer no evidence of adverse impact on their ability to obtain credit. Rather, defendants make two arguments they did not present in the motion. *First*, they argue that continued injunctive relief is unnecessary since Mr. Klein does not "intend to serve as a trustee, administrator or fiduciary for any pension or retirement plan in the future" (Def.'s Reply at 2 and Ex. A, ¶ 2). *Second*, defendants argue that the permanent injunction against violation of specified

3

sections of ERISA is unenforceable because it lacks the specificity required by Federal Rule of Civil Procedure 65(d) (Def.'s Reply at 2-4).

We have considered the arguments of the parties. For the reasons set forth below, we deny defendants' motion to vacate.

## I.

Defendants move to vacate the decree solely on the basis of Rule 60(b)(5), which provides in relevant part:

> the court may relieve a party or its legal representative from a final judgment, order, or proceeding [where] . . . the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable.

Fed. R. Civ. P. 65(b)(5). Rule 60(b)(5) "provides a means by which a party can ask a court to modify or vacate a judgment or order if 'a significant change either in factual conditions or in law' renders continued enforcement 'detrimental to the public interest'" *Horne v. Flowers*, ____ U.S. ____, 129 S.Ct. 2579, 2593 (2009) (citations omitted). "The party seeking relief bears the burden of establishing that changed circumstances warrant relief . . . *Id.*

Defendants do not argue that the consent order and judgment is based on an earlier judgment that has been reversed or vacated. Rather, they argue that relief should be granted because the consent order and judgment has been satisfied (Motion ¶ 11). Alternatively, defendants argue that even if it has not been satisfied, applying the consent order and judgment prospectively would no longer be equitable (*Id.*, ¶¶ 9, 12). Defendants have failed to carry their burden of proving either basis for relief.

4

**A.**

Defendants argue that because the plans have been dissolved and the proceeds have been distributed to participants, the consent order and judgment has been "satisfied, released or discharged" within the meaning of Rule 60(b)(5). In so arguing, defendants' motion ignores Paragraph 1 of the consent order and judgment, which permanently enjoined and restrained them from violating specific sections of ERISA. Thus, contrary to defendants' argument, the consent order and judgment has not been fully satisfied, released or discharged.

**B.**

Defendants' argument that existence of the consent order and judgment adversely affects their credit rating fails to establish that applying the consent order and judgment "prospectively is to longer equitable." Defendants' assertion that their credit rating is adversely affected is just that: an assertion that is unsupported by any evidence. That kind of conclusory assertion does not come close to establishing circumstances that warrant relief from judgment.

Moreover, even assuming that there were a present adverse affect on defendants' credit ratings, defendants have failed to prove that any such affect is "a significant change . . . in factual conditions," *Horne*, 129 S.Ct. at 2593, that results from the consent order and judgment. We suspect that, to the extent the consent order and judgment affected defendants' credit worthiness, it did so from the time of entry. And, to the extent that there is a greater impact today than there was in 2003, for all we know that is the result of the misconduct by Mr. Klein since the entry of consent order and judgment that the Seventh Circuit charitably described as "finagl[ing]." *Solis*, 557 F.3d at 774. A judicial finding of breach of fiduciary duty is not likely to enhance a person's credit rating.

In any event, to the extent the consent order and judgment has affected defendants' credit worthiness or may do so in the future, that is a natural consequence of defendants' knowing decision (with the assistance of counsel) to enter into the consent order and judgment in the first place. Again, judgments and restraining orders are not calculated to enhance a person's credit rating. The fact that defendants in 2009 may feel the natural consequence of the decision they made in 2003 is not a changed circumstance, and would not make it inequitable to keep in place an injunction against further violations of selected sections of ERISA.

### C.

In their reply, defendants raise two arguments they did not present in their motion. *First*, defendants argue that the prohibition in paragraph 1 of the consent order and judgment is unnecessary because Mr. Klein has no intention to serve as a trustee, administrator or fiduciary for any pension or retirement plan in the future (Defs.' Reply at 2). *Second*, defendants argue that paragraph 1 is unenforceable because it lacks the specificity required by Rule 65(d) for injunctive relief. It is well-settled that "[a]rguments raised for the first time in a reply brief are waived." *E.E.O.C. v. Int'l Profit Assoc., Inc.*, No. 01 C 4427, 2009 WL 2507891, *33 n.41 (N.D. Ill. Aug. 12, 2009) (quoting *Amerson v. Farrey*, 492 F.3d 848, 852 (7th Cir. 2007)). On that basis alone, we reject defendants' newly-raised arguments. That said, even if not waived, neither of these arguments would provide a persuasive reason for vacating the consent order and judgment.

Mr. Klein's declaration that he does not intend to serve as a trustee, administrator or fiduciary for any pension or retirement plan in the future is not an adequate substitute for the prohibition against him doing so contained in paragraph 1 of the consent order and judgment. A proclamation of present intentions is not a guarantee of future conduct. Even assuming Mr. Klein's declaration

accurately states his present intentions (an assumption we indulge notwithstanding Mr. Klein's misconduct that led first to the entry of the consent order and judgment in 2003 and, thereafter, to his removal as trustee and the restoration to participants of funds that he improperly diverted from them), nothing would prevent Mr. Klein from becoming a trustee in the future if he believed circumstances warranted it. Thus, we find that Mr. Klein's declaration does not render the restrictions in paragraph 1 of the consent order and judgment unnecessary.

Defendants' Rule 65(d) argument fares no better. Although defendants do not clearly put it this way, their argument seems to be that paragraph 1 of consent order and judgment lacks the specificity required by Rule 65(d); that, as a result, paragraph 1 is not enforceable; and that they therefore are entitled to relief from under Rule 60(b)(5), because it would no longer be equitable to prospectively enforce an unenforceable provision in a court order.

As defendants correctly point out, the Seventh Circuit has held that Rule 65(d) "requires that an injunction be a self-contained document rather than incorporate by reference materials in other documents." *Dupuy v. Samuels*, 465 F.3d 757, 758 (7th Cir. 2006). However, the consent order and judgment in this case did not incorporate materials and other documents by reference; rather, it cites specific statutory provisions that defendants are enjoined from violating. It is not evident that the Seventh Circuit's rejection of incorporating "materials and other documents" by reference would extend to an injunction order that enjoined a party from violating specific statutory provisions. *See Gulf King Shrimp Co. v. Wirtz*, 407 F.2d 508 (5th Cir. 1969) ("The fact that the decree includes specific references to sections of the Fair Labor Standards Act is not, as used here, inconsistent with the requirements of Rule 65(d)").

However, even assuming that paragraph 1 of the consent order and judgment does not conform to the specificity requirement of Rule 65(d), defendants are wrong when they argue that this automatically renders the injunction unenforceable. In *Dupuy*, the Seventh Circuit held that a preliminary injunction that incorporated certain documents by reference violated Rule 65(d). But, the Seventh Circuit rejected the proposition that this violation rendered the injunction automatically unenforceable. To the contrary, the Seventh Circuit held that "[t]he core of the injunction is clear enough to be enforceable; it requires the defendant to provide informal administrative review of 'safety plans.'" 465 F.3d at 759.

In this case as well, the "core of the injunction" is clear. Paragraph 1 of the consent order and judgment does not broadly bar defendants from "violating the law," or even violating more generally all sections of ERISA. Rather, paragraph 1 enjoins defendants from violating four specific provisions of ERISA – the very four provisions that the original complaint alleged defendants had violated by breaching their fiduciary duties to the participants. We also are mindful that paragraph 1 was part of a consent order and judgment negotiated between the Secretary and defendants who were represented by counsel, and that it was signed by Mr. Klein (who was represented by counsel) individually, as trustee of the Plans, and in his capacity as president of CDC.

In arguing to the contrary, defendants cite *H. K. Porter Co. v. National Friction Products*, 568 F.2d 24 (7th Cir. 1977), for the proposition that an injunction that incorporates materials by reference cannot be enforced (Def.'s Reply at 3). However, in *Dupuy*, the Seventh Circuit criticized the *H. K. Porter* decision as engaging in "decision by metaphor." *Dupuy*, 465 F.3d at 759. To the extent that defendants rely on *H. K. Porter Company* for the proposition that a violation of

Rule 65(d) automatically invalidates an injunction, that reliance is misplaced in light of the more recent contrary holding by the Seventh Circuit in *Dupuy*.

In *Dupuy*, the Seventh Circuit explained that what the *H. K. Porter* "court seems to have meant was that it would be unjust to punish someone for violating an injunction that he could not understand." *Dupuy*, 465 F.3d at 759. That proposition, of course, remains good law. But, as we have explained, paragraph 1 of the consent order and judgment is clear enough to be enforceable – as defendants clearly thought when they agreed to sign it. The fact that in 2009 this injunction may chafe more than the defendants thought it would provides no good reason under Rule 60(b)(5) to relieve defendants of the restriction that they negotiated and agreed to in 2003.

## CONCLUSION

For the foregoing reasons, defendants' motion to vacate consent decree (doc. # 309) is denied.

**ENTER:**

**SIDNEY I. SCHENKIER**
**United States Magistrate Judge**

**Dated: December 14, 2010**